Dear Mr. Tomino:
Please be advised that the office of the Attorney General is in receipt of your opinion request. You have notified our office that you represent the Louisiana State Board of Certification for Substance Abuse Counselors (the "SAC Board") and have requested an opinion on the following issue:
 May the SAC Board legally and/or ethically allow the Louisiana Association of Substance Abuse Counselors and Trainers (LASACT) to have access to and share the information on the Board's computer database?
You have explained that the SAC Board is under contract with LASACT to provide examination services for the Board's applicants for certification. Because this association is a private entity with a contractual relationship with the SAC Board, the Public Records laws, along with the exceptions thereto, play an important role in this issue.
As we understand it, the Board's computer database contains information beyond that of the Board's internet website, specifically that which may be considered confidential under the exceptions to the Public Records laws listed in La.R.S. 44:4.1. Because of the nature of this information, there is no outstanding requirement that the SAC Board provide LASACT with blanket access to their private database. However, if the Board should choose to do so, there are two specific factors that must be considered. First, the Board would have to protect that information which is considered excepted from the Public Records laws under La.R.S. 44:4.1. Secondly, the Board, as custodian, would have a duty to preserve the information that is considered Public Record and would be responsible for the safekeeping of that material.
The Board has two options with regard to the information located on their private database. One option would be to allow the LASACT to have access to the database. However, because the exceptions to the Public Records law applies to LASACT, the Board would have the obligation of reorganizing the database to secure that information which is considered exempt. The second option would be to deny access to the Board's private database. In this situation, should LASACT want access to information that is considered Public Record, pursuant to La.R.S. 44:31 and La.R.S.44:32, the custodian has the duty to provide access to the information requested. Access must be granted within five days, exclusive of Saturdays, Sundays, and legal public holidays as stated in La.R.S. 44:35. However, if there should be a question as to whether the information requested is in fact public record, La.R.S. 44:32 states that the custodian shall within three days notify the person making the request of his determination and the reasons therefore.
It is therefore the opinion of this office that the SAC Board may, but is not required to provide LASACT with access to it's private computer database. If the SAC Board should allow access, it has the duty to safeguard all public records and secure all information that fits within the exceptions of La.R.S. 44:4.1, for this information should not be accessible to LASACT.
I hope this opinion has sufficiently answered your question. If you are in need of further information, please do not hesitate to contact our office.
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ VIRGINIA L. COREIL Assistant Attorney General
RPI/VLC/crt
Date Received: 07/12/02
Date Released: August 6, 2002